IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| ORESTO DORSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| Z2 SYTEMS, INC. n/k/a NEON ONE, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

The Plaintiff ORESTO DORSON (hereinafter referred to as "DORSON") and for his complaint against the Defendant Z2 SYSTEMS, INC. n/k/a NEON ONE (hereinafter referred to as "Z2") states:

**COUNT I –**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991**

1. This action is brought for damages sustained by DORSON by reason of Z2's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, DORSON was and is a citizen of the United States, a resident of the Northern District of Illinois and is a male.

3. At all times relevant hereto, Z2 was is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1801 W. Warner Avenue, Suite 201, Chicago, Illinois 60613.

4. At all times relevant hereto, Z2 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6. Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this District.

7. On April 9, 2018, DORSON was hired by Z2 to the position of Technical Support Manager.

8. Up to November, 2018, DORSON received favorable accolades from his superiors at Z2.

9. At all times relevant hereto, it was the policy of Z2 not to discriminate against any employee on the basis of his or her sex.

10. Nevertheless, commencing on November 2, 201028, DORSON was discriminated against because of his sex.

11. On that date, DORSON went to Savemore Liquors, a bar in Chicago, with some Z2 employees to socialize.

12. While at this bar, the employees engaged in various conversations, one of which concerned whether they were going to go to another establishment to sing karaoke

13. While at Savemore bar, DORSON related that approximately six years earlier, he had sung karaoke to a song authored by the musician Prince entitled "Pussy Control."

14. DORSON related to the individuals present at the bar that while singing this song, he was uncomfortable with certain lyrics to the song which included use of the

"N-word."

16. Some individuals that were present indicated that DORSON could not use the "N-word."

16. DORSON told these individuals that he did not use the "N-word" when he sang the song six years ago.

17. On November 5, 2018, DORSON reported to work and sometime in the afternoon, Vera Bojic, HR Director, called him into her office.

18. Ms. Bojic told DORSON that because DORSON said the "N-word," he was going to be considered for immediate termination.

19. DORSON assured Ms. Bojic that he did not say the "N-word" and that he would not say it.

20. Despite DORSON's comments, Ms. Bojic told him that he needed to apologize to the other individuals who were at the bar and that she was going to report this incident to the executive in charge of the company.

21. On November 8, 2018, Ms. Bojic called DORSON in her office and told him that he was fired.

22. In response to his inquiry, Ms. Bojic would not give him a reason why he was fired.

23. Ms. Bojic's failure to give DORSON an explanation for his termination was nothing more than a pretext for the sex discrimination on the part of Z2 since it was Z2's intent to replace DORSON with a female in his position.

24. In fact, on the morning that DORSON was terminated, DORSON's job responsibilities were given to Emily Keaney, a female.

25. Since DORSON did not engage in any misconduct that would warrant his termination, Z2 has, therefore, discriminated against DORSON because of his sex in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

26. On December 14, 2018, the Equal Employment Opportunity Commission received DORSON's charge of discrimination.

27. Pursuant to DORSON's request, on February 13, 2019, the Equal Employment Opportunity Commission issued him a notice of right to sue. A true and correct copy of this notice is attached hereto as **_Exhibit A_**.

28. Less than ninety days have expired since DORSON's receipt of this notice of right to sue.

29. Z2's violation of DORSON's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused DORSON pecuniary damages.

WHEREFORE the Plaintiff ORESTO DORSON requests that this Court enter judgment in his favor and against the Defendant Z2 SYTEMS, INC. n/k/a NEON ONE as follows:

    a. Enjoining Z2 from engaging in such unlawful employment practices as alleged in this complaint.

b. Requiring Z2 to reinstate DORSON to his position at the rate of pay comparable to what he would have been receiving if not for the civil rights violations committed against him by Z2.

c. Making DORSON whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by Z2.

d. Alternatively, in the event Z2 is unwilling to reinstate DORSON, DORSON should be awarded front pay.

e. Awarding DORSON attorney's fees, costs and prejudgment interest.

f. Awarding DORSON such other and further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

    Respectfully submitted,

/s/Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite510
Chicago, Illinois 60601
(312) 832-0008
Attorney for the Plaintiff,
ORESTO DORSON