# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ORESTO DORSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-01650 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Z2 SYSTEMS, INC. n/k/a NEON ONE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER AND OPINION

Plaintiff Oresto Dorson filed an amended complaint against defendant Z2 Systems, Inc. n/k/a Neon One ("Neon One") alleging reverse gender discrimination in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-2. Neon One has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court denies Neon One's motion. [19].

**Background**

Neon One hired Dorson on April 9, 2018 to the position of technical support manager. Dorson reported to Nina Deremer, vice president of business operations, and Vera Bojic, human resources director. His duties included making hiring recommendations to Deremer and Bojic to fill positions within his department. Between April 9, 2018 and November 2018, Dorson alleges that he recommended two men for the position of technical support specialist. On both occasions, Bojic rejected Dorson's recommendations and expressed her preference for women to fill those positions. Also during that time period, Dorson alleges Deremer and Bojic repeatedly told him that "he was doing a great job and that his job was not in jeopardy."

On November 8, 2018, Bojic terminated Dorson from his position. Although she did not state a reason for his firing, Dorson alleges that Bojic had told him earlier in November 2018 that he

was being considered for immediate termination because he used a racial slur during a social outing with other Neon One employees. At that after-work gathering, Dorson says, he recounted an experience six years earlier in which he sang at karaoke a song by the late musician Prince. Dorson says he relayed to his Neon One coworkers his discomfort in singing the song because it contained the "N-word." Some of his coworkers advised him that he "could not use" that word. Dorson says he told them that he had not used the "N-word" when he sang the song.

Dorson contends that Neon One's explanation that he used a racial slur in the presence of coworkers is a pretext "since Neon One decided to terminate him on the basis of his sex and was looking for some concocted basis to terminate him and give his job responsibilities" to a woman. On the day of his termination, Emily Keaney, a female coworker whose job qualifications Dorson alleges were "substantially inferior" to his own, assumed Dorson's job responsibilities.

On December 14, 2018, Dorson filed a Charge of Discrimination with the Equal Employment Opportunity Commission. On February 13, 2019, the EEOC issued Dorson a right to sue letter. This lawsuit followed.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts all well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## Discussion

The federal pleading standards only require Dorson to set forth sufficient details stating a claim of reverse discrimination that is plausible on its face under *Iqbal* and *Twombly*. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *see, e.g., Cox v. Calumet Public Sch. Dist. 132*, 180 F.Supp.3d 556, 561 (N.D. Ill. 2016). Plaintiffs are not required to establish a prima facie case of discrimination at the motion to dismiss stage because it is an evidentiary standard used at summary judgment, therefore, Neon One's argument as to this standard is misplaced. *Luevano*, 722 F.3d at 1028 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

In reverse discrimination cases, a plaintiff must set forth "background circumstances" that demonstrate his employer has a "reason or inclination to discriminate" against people of the plaintiff's race or gender or show that there was something "fishy" at hand. *Phelan v. City of Chicago*, 347 F.3d 679, 684 (7th Cir. 2003) (citation omitted). In the end, these background circumstances must "support an inference that the defendant is one of those unusual employers who discriminates against the majority." *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 455 (7th Cir. 1999). Such background circumstances may include when a supervisor is a woman, who repeatedly terminates male employees and replaces them with women, *see Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 822 (7th Cir. 2006), where the replacement employee was "clearly less qualified" than the plaintiff, the employer expressed "intense interest" in hiring a woman, and the employer's hiring patterns disproportionately favored women, *see Mills*, 171 F.3d at 455, or when an employer deviates from its own hiring policies. *See Good v. University of Chicago Med. Ctr.*, 673 F.3d 670, 679 (7th Cir. 2012), *rev'd on other grounds*, *Ortiz v. Werner Enter., Inc.*, 834 F.3d 760 (7th Cir. 2016).

While Dorson need not establish a prima facie case of discrimination at this juncture, he must allege enough factual details to support a plausible reverse discrimination claim. The Court thus turns to Dorson's allegations of background circumstances to determine if he has met this standard. To start, according to Dorson, his job duties included recommending candidates to work in his department as technical support specialists. On two occasions, Bojic, the human resources director, rejected Dorson's recommendations and advised him that she "wanted a female in the position." While Bojic may not be required to accept all of Dorson's recommendations, expressing an interest in hiring women as opposed to men is a "fishy" background fact lending plausibility to Dorson's claim. *See Mills,* 171 F.3d at 455.

Equally important, Dorson adequately alleges that he did not commit the infraction that Neon One claimed justified his termination, namely, uttering a racial slur at an employee outing. His allegations, viewed in his favor, raise a reasonable inference that his termination was not only "fishy," but pretextual. Add to the mix that both Deremer and Bojic repeatedly praised Dorson's job performance and that Neon One replaced him with a woman who was less qualified that he was, Dorson has sufficiently alleged a plausible reverse discrimination claim under Title VII. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief' is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Put differently, there are enough factual allegations to nudge Dorson's reverse discrimination claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

**Conclusion**

Based on the foregoing, the Court denies defendant's motion to dismiss. [19].

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 10/1/2019

4